UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MARCEL WALLACE,

    Defendant.

Case Nos. 3:22-cr-46
3:23-cr-30

District Judge Michael J. Newman

___

**ORDER: (1) GRANTING THE GOVERNMENT'S MOTION TO DISMISS THE INFORMATION AGAINST DEFENDANT MARCEL WALLACE IN 3:22-cr-46 (3:22-cr-46, Doc. No. 43); AND (2) PROCEEDING WITH THE INDICTMENT AGAINST DEFENDANT IN 3:23-cr-30**

___

The Government initially charged Defendant Marcel Wallace in an information in Case No. 3:22-cr-46.  *See* 3:22-cr-46, Doc. No. 30.  After proceeding in that case, the Government filed an indictment against Defendant in a new case, Case No. 3:23-cr-30.  *See* 3:23-cr-30, Doc. No. 2. Then, for effective case management and judicial efficiency, the Court ordered the Government to advise whether it intends to proceed in both cases or dismiss the information in 3:22-cr-46.  *See* 3:22-cr-46, Doc. No. 42; 3:23-cr-30, Doc. No. 5.  The Government addressed that Order by moving to dismiss the information against Defendant in 3:22-cr-46.  3:22-cr-46, Doc. No. 43.  These cases are now before the Court on that motion.

"The government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a).  "[T]he government is normally free to dismiss one indictment under Rule 48(a) and bring another indictment based on further development of the case." *United States v. Stapleton*, 297 F. App'x 413, 430 (6th Cir. 2008) (citations omitted).  "The principal object of the 'leave of court' requirement is apparently to protect a defendant against prosecutorial

harassment, *e.g.*, charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection." *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977) (citations omitted). "[W]hen the government requests a Rule 48(a) dismissal in good faith, the district court is duty bound to honor the request." *United States v. Hayden*, 860 F.2d 1483, 1488 (9th Cir. 1988); *see also United States v. Burks*, 561 F. Supp. 3d 762, 765–66 (M.D. Tenn. 2021).

Because Defendant has responded to the Government's motion and states that he does not object (3:22-cr-36, Doc. No. 45), and there is no indication of prosecutorial harassment or bad faith in the Government dismissing and recharging Defendant, the Court **GRANTS** the Government's motion to dismiss the information. 3:22-cr-46, Doc. No. 43.

**IT IS SO ORDERED.**

May 8, 2023                                                                s/Michael J. Newman
                                                                                     Hon. Michael J. Newman
                                                                                     United States District Judge